R. Darrin Class, OSB # 970101
Chris Roy, OSB # 031777
Jesse Cowell, OSB # 082940
Roy Law Group
1000 SW Broadway, Suite 900
Portland, OR 97205
PH: 503-206-4313
FAX:  855-344-1726
darrin@roylawgroup.com
chris@roylawgroup.com
jesse@roylawgroup.com

Attorneys for Plaintiff, Noah B. Wild

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| NOAH B. WILD,<br><br>                    Plaintiff,<br>   v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>                    Defendant. | Case No.<br><br>COMPLAINT FOR LONG-TERM DISABILITY INSURANCE BENEFITS<br><br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)) |

   COMES NOW Plaintiff, Noah B. Wild, with a complaint to recover unpaid long-term disability insurance benefits, and alleges against Defendant, Reliance Standard Life Insurance Company:

## I. CAUSE OF ACTION

1.1

This action is brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks to recover from Defendant all unpaid long-term disability ("LTD") benefits pursuant to the terms of a long-term disability policy ("LTD Plan") provided by his employer, Asante, pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff further seeks reinstatement of his LTD benefits pursuant to the terms of the LTD Plan, from the date of judgment, and absent an improvement in his medical condition, until Plaintiff reaches the age of 67 pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks these remedies, prejudgment and post-judgment interest, plus his costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## II. IDENTIFICATION OF PLAINTIFF

2.1

Plaintiff is a resident of Jackson County, Oregon.

2.2

Asante employed Plaintiff and offered the LTD Plan to its employees pursuant to ERISA, 29 U.S.C. § 1002(1).

2.3

Plaintiff was a participant under the LTD Plan.

## III. IDENTIFICATION OF DEFENDANT

3.1

At all times material herein, Asante was the sponsor of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

3.2

At all times material herein, Asante was the plan administrator of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(A).

3.3

At all times material herein, Defendant was the claims administrator of the LTD Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

3.4

The LTD Plan was fully insured by Defendant, who is wholly responsible for any judgment Plaintiff may obtain through this action for LTD benefits.

## IV.   JURISDICTION AND VENUE

4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs, under ERISA.

4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391 and LR 3-2(a)(1).

## V.   STANDARD OF REVIEW

5.1

Defendant's denial of Plaintiff's LTD benefits is reviewed by this court *de novo*.

## VI.   FACTS SUPPORTING CLAIM

6.1

Plaintiff became unable to perform the material and substantial duties of his regular occupation on or about February 13, 2018.

6.2

Plaintiff received short-term disability benefits through August 12, 2018, the term of that policy, and then was approved for long term disability benefits beginning August 13, 2018 and continuing through August 12, 2019.

6.3

Plaintiff's claim for LTD benefits is based on the debilitating symptoms of pain and fatigue he suffers from fibromyalgia, chronic fatigue syndrome, possible chronic Epstein-Barr virus, and other conditions.

6.4

In a letter dated October 2, 2019, Defendant denied LTD benefits to Plaintiff beyond August 12, 2019, contending he was capable of performing the substantial and material duties of his regular occupation.

6.5

On March 25, 2020, Plaintiff timely appealed Defendant's denial of his claim for LTD benefits.

6.6

In a letter dated July 16, 2020, Plaintiff's appeal was denied and the decision to deny benefits was upheld.

6.7

Plaintiff has complied with all contractual requirements of the LTD Plan, including but not limited to the submission of sufficient medical proof of his ongoing medical conditions.

6.8

Defendant wrongfully denied Plaintiff's claim for benefits.

6.9

The wrongful denial of Plaintiff's claim for LTD benefits was, and still is, a violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

6.10

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged in the amount of each unpaid monthly benefit payment from August 13, 2019 through the date of judgment.

6.11

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff is entitled to recover pre-judgment interest, which is accruing on each unpaid monthly benefit payment from August 13, 2019, through the date of judgment.

6.12

Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff may and does seek clarification of his rights to future benefits, alleging that he meets the LTD Plan's definition of Disabled and as such, he is, and absent any material improvement in his permanent medical condition, he will be, so entitled to benefits through the maximum term of the LTD Plan.

6.13

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A.   For gross unpaid monthly LTD benefit payments from August 13, 2019, through the date of judgment, pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B.   For a declaration that Defendant breached its fiduciary duty to Plaintiff by wrongfully denying Plaintiff's LTD claim, and estopping Defendant from continuing to deny Plaintiff's LTD claim;

C.   For a declaration clarifying Plaintiff's rights under the LTD Plan, holding that absent a material improvement in his medical condition such that

Plaintiff is no longer deemed Disabled under the LTD Plan, Plaintiff is entitled to receive his full monthly benefit under the LTD Plan for its remaining term;

      D.     For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

      E.     For prejudgment and post-judgment interest; and

      F.     For such further relief as the court deems just and equitable.

DATED this 11th day of October, 2021.

                              ROY LAW GROUP

                              By: *s/ R. Darrin Class*
                                  R. Darrin Class, OSB # 970101
                                  Roy Law Group
                                  1000 SW Broadway Suite 900
                                  Portland OR 97205
                                  PH:   503-206-4313
                                  FAX:  855-344-1726
                                  Darrin@RoyLawGroup.com